Matter of Isabelle STEINBORN, a Patient at the North Dakota State Tuberculosis Sanatorium at San Haven, North Dakota.

No. 7436.

Supreme Court of North Dakota.

Aug. 25, 1955.

Rehearing Denied Sept. 24, 1955.

M. W. Duffy, State's Atty., Cooperstown, for appellant Griggs County.

E. T. Christianson, Atty. Gen., for respondent Berta Baker, State Auditor.

Theodore F. Kessel, State's Atty., LaMoure, for respondent LaMoure County.

Bernard C. Lyons, State's Atty., Valley City, for respondent Barnes County.

BURKE, Chief Justice.

This appeal arises out of a controversy among Barnes, Griggs and LaMoure Coun-

ties with respect to the responsibility for the care of Isabelle Steinborn, an indigent person, at the State Tuberculosis Sanatorium. The controversy was submitted to the state auditor pursuant to the provisions of Sections 25–0804 and 25–0805, NDRC 1943. The auditor determined that Griggs County was responsible. Griggs County thereupon appealed to the District Court of LaMoure County from the decision of the state auditor. Upon the appeal the decision of the auditor was affirmed. Griggs County has now appealed to this court from the judgment of the district court.

The controversy was submitted to the district court upon a stipulation of facts. These facts, in so far as they are pertinent to a decision in this case, are as follows: Isabelle Steinborn is the daughter of Herbert Steinborn who prior to October 1942 had acquired a residence for poor relief purposes in Griggs County. In October 1942, Herbert Steinborn moved with his family to LaMoure County. At the time he moved he and his family were receiving aid from Griggs County and they continued to receive such aid from Griggs County after the removal to LaMoure County. Isabelle Steinborn became 18 years of age on July 23, 1943. Thereafter aid to dependent children payments for Isabelle were discontinued, but were continued for other children in the family. She continued to live at her parents' home until she graduated from high school in June 1944. Upon graduating she went to California where she remained until December 1944. On December 7, 1944, she returned to the home of her parents where she remained until January 1, 1945. On January 1, 1945, she went to Barnes County where she resided with a sister until May 30, 1945. On that date she returned to the home of her parents where she remained until June 5, 1945. On that date she left to take employment at Aberdeen, S. D. On October 5, 1945, South Dakota authorities ordered her returned to North Dakota, as an indigent person with active tuberculosis. She was returned to the home of her parents in LaMoure County where she remained until December 20, 1945, on which date she was admitted to the sanatorium at San Haven.

From these facts it is apparent that Herbert Steinborn was at all times mentioned a resident of Griggs County for poor relief purposes. He had acquired a residence in that county for such purpose and under the applicable statute, Section 50–0204, NDRC 1943, could not acquire a poor relief residence in any other county as long as he continued to receive aid from Griggs County.

Section 50–0204, NDRC 1943, which was the statute in effect at that time this controversy arose, provided:

"If no type of public assistance or poor relief, whether county, state, or federal, has been received, residence in a county, for poor relief purposes, shall be gained as follows:

"1. Each male person, and each unmarried female, over the age of twenty-one years, who has resided one year continuously in any county in this state, shall be deemed to have residence in such county;

"2. Each person who had resided one year continuously in the state, but not in any one county, shall have a residence in the county in which he or she has longest resided within such year:

"3. Every minor not emancipated and settled in his own right shall have the same residence as the parent with whom he has last resided."

The main controversy in this case arises over the construction to be given to the word "minor" as used in subsection 3 of Section 50–0204, supra. Griggs County cites Section 14–1001, NDRC 1943, which defines minors generally as:

"1. Males under twenty-one years of age; and

"2. Females under eighteen years of age."

Griggs County contends that under the general law Isabelle Steinborn ceased to

be a minor on her 18th birthday which was July 23, 1943; that on that date she lost her right to a poor relief residence at the home of her parents; that thereafter she was voluntarily absent from Griggs County for more than one year during which she received no aid or relief from any source and that under the provisions of Section 50-0206 NDRC 1943, she thus lost her residence in Griggs County for relief purposes.

■ In our view the position taken by Griggs County is unsound. Subsections 1 and 3 of Section 50-0204, supra, must be construed together. Under subsection 1, the only persons who may acquire a residence for poor relief purposes are males and unmarried females, over the age of twenty-one. Under subsection 3, minors, not emancipated and settled in their own right, take the residence of the parent with whom they reside. When these two subsections are considered together the only reasonable construction that can be given to the word "minor" as used in subsection 3 is that minors, for poor relief purposes, included all males and unmarried females under the age of twenty-one. The construction urged by Griggs County would have made it impossible, while this statute was in force, for an unemancipated unmarried female between the ages of 18 and 21 to gain a residence for poor relief purposes anywhere. Clearly such a result was not intended by the legislature.

■ Since Isabelle Steinborn was a minor, under the poor relief laws in force at the time she was admitted to the sanatorium, it follows that at that time her residence for poor relief purposes was the same as that of her parents, or Griggs County. There is no contention or proof in this case that Isabelle Steinborn was ever emancipated and settled in her own right.

The judgment of the district court is affirmed.

GRIMSON, JOHNSON, SATHRE, and MORRIS, JJ., concur.